UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SALVATORE TANTILLO,

        Plaintiff,

v.

NEW YORK STATE TROOPER BRANDON D. SMITH, COMPLETE CLAIMS SERVICES, L.L.C., FRANK AND SON AUTOBODY, PURE INSURANCE, SUSAN LYNCH, ARBITRATION FORUMS INC.,

        Defendants.

Civil Action No.
<u>3 :23-cv-1447 (TJM/ML)</u>

## ARBITRATION FORUMS, INC.'S
## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

**GERBER CIANO KELLY BRADY LLP**
*Attorneys for Defendant*
*Arbitration Forums, Inc.*
PO Box 1060
Buffalo, New York 14201
Phone: (518) 901-2143

*Of Counsel:*
*David P. Johnson, Esq.*
*John J. Jablonski, Esq.*

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................. 2

TABLE OF AUTHORITIES ............................................................................................ 3

INTRODUCTION ............................................................................................................ 5

FACTS .............................................................................................................................. 5

ARGUMENT .................................................................................................................... 6

    I.   Legal Standards. ................................................................................................. 6

        A.  Rule 12(b)(1). .................................................................................................. 6

        B.  Rule 12(b)(6). .................................................................................................. 8

    II.   The Court should dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. ....................................................... 8

        A.  Plaintiff does not allege a colorable claim against Arbitration Forums under any of the statutes cited in the complaint. ...................................................... 8

        B.  There is not complete diversity among the parties. ...................................... 12

        C.  Plaintiff does not allege a "case or controversy" against Arbitration Forums. ............................................................................................................... 13

    III.   The Court should dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) given the lack of a plausible basis for relief and application of the doctrine of arbitral immunity. ............................................................................................. 14

        A.  The Court should not accept as true Plaintiff's only allegations against Arbitration Forums, which are little more than bare legal conclusions. ............ 14

        B.  The Court should dismiss the complaint because the doctrine of arbitral immunity bars any claims against Arbitration Forums. ................................... 15

    IV.   The Court should dismiss the complaint for insufficient service of process on Arbitration Forums. ................................................................................................ 16

    V.   The Court should dismiss Plaintiff's complaint without leave to amend. .... 16

CONCLUSION ............................................................................................................... 18

# **TABLE OF AUTHORITIES**

**Cases**

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140 (2d Cir. 2011)......................6

*APWU v. Potter*, 343 F.3d 619 (2d Cir. 2003)...............................................................6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)....................................................................8, 14

*Austern v. Chicago Bd. Options Exchange, Inc.*, 898 F.2d 882
(2d Cir. 1990), *cert denied*, 498 U.S. 850 (1990).................................................15, 16

*Bell v. Hood*, 37 U.S. 678 (1946)...................................................................................7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)...................................................8, 14

*Bittner v. RBC Capital Mkts.*, 331 Fed. Appx. 869 (2d Cir. 2009)...............................9

*Conyers v. Rossides*, 558 F.3d 137 (2d Cir. 2009)........................................................6

*Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*,
790 F.3d 411 (2d Cir. 2015)............................................................................................6

*Cuoco v. Moritsugu*, 222 F.3d 99 (2d Cir. 2000)........................................................16

*Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358 (2d. Cir. 2000)......................................7

*EEOC v. Port Auth.*, 768 F.3d 247 (2d Cir. 2014).................................................8, 14

*Forrester v. White*, 484 U.S. 219 (1990).....................................................................15

*Goosby v. Osser*, 409 U.S. 512 (1973)..........................................................................7

*Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22 (2d Cir. 2000)...................................9

*Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008)..................................9

*Herrick Co. v. SCS Communs., Inc.*, 251 F.3d 315 (2d Cir. 2001)........................7, 13

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992)............................................8, 13

*Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129 (2d Cir. 2013).......8, 14

*McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184 (2d Cir. 2007)..........................17

*Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*,
500 F.3d 171 (2d Cir. 2007)……………………………………………………………..7, 13

*Narula v. Orange County Superior Court* (2020 U.S. Dist. LEXIS
163424 (C.D. Cal. Mar. 2, 2020), *adopted by* 2020 U.S. Dist. LEXIS
163473 (C.D. Cal. Apr. 1, 2020), *aff'd* 2022 U.S. App. LEXIS 33797
(9th Cir. Dec. 8, 2022)………………………………………………………………….16, 17

*Oneida Indian Nation v. United States DOI*,
789 Fed. Appx. 271 (2d Cir. 2019)……………………………………………………...8, 13

*Robertson v. Allen*, 2016 U.S. Dist. LEXIS 5080
(N.D.N.Y. Jan. 15, 2016)…………………………………………………………………..16

*Rudaj v. Treanor*, 522 Fed. Appx. 76 (2d Cir. 2013)………………………………...16, 17

*Shapiro v. McManus*, 577 U.S. 39 (2015)……………………………………………*passim*

*United States v. Assa Co. Ltd.*, 934 F.3d 185 (2d Cir. 2019)……………………………….6

**Statutes**

5 U.S.C. §§ 571 *et seq.* ……………………………………………………………….8, 9, 10

9 U.S.C. § 10(a)……………………………………………………………….........8, 9, 10

15 U.S.C. § 6601 *et seq.* ……………………………………………………………….8, 12

18 U.S.C. § 1033…………………………………………………………………….…8, 11

28 U.S.C. § 1331…………………………………………………………………………...7

28 U.S.C. § 1332…………………………………………………………………………...7

Fed. R. Civ. P. 12(b)(1)…………………………………………………………………….5

Fed. R. Civ. P. 12(b)(5)…………………………………………………………………….5

Fed. R. Civ. P. 12(b)(6)………………………………………………………………….5, 8

**INTRODUCTION**

Defendant Arbitration Forums, Inc. ("Arbitration Forums") moves this Court to dismiss the complaint of Plaintiff Salvatore Tantillo ("Plaintiff") for lack of subject-matter jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12 (b) (1), (5), and (6), respectively.

As set forth in greater detail below, Plaintiff's *pro se* complaint springs from a subrogation arbitration between two insurers, to which Plaintiff was not a party. The Court should dismiss the complaint without leave to amend because the doctrine of arbitral immunity bars Plaintiff's claims—even if they were not also patently frivolous—against Arbitration Forums, the entity which adjudicated the subrogation arbitration.

**FACTS**

Arbitration Forums is a corporation in good standing duly formed under the laws of the State of New York (*see* Decl. of Tim McKernan ("McKernan Decl."), ¶ 5, Exhibit A). Its principal place of business is in Tampa, Florida (*see id.*, ¶ 6). Arbitration Forums is a membership-driven, not-for-profit arbitral organization that exists to administer intercompany subrogation and arbitration claims among its 6,000+ members (*see id.*, ¶ 3). Nonparty State Farm Insurance ("State Farm") and Defendant PURE Insurance are members of this organization (*see id.*, ¶ 7).

Notably, Arbitration Forums' only involvement with the dispute giving rise to this litigation was its performance of a subrogation arbitration between State Farm and PURE Insurance (*see id.*, ¶¶ 8–9). Plaintiff freely admits that he was not a party to the arbitration (*see* Doc. 1, Statement of Claim, ¶ 10 ("I was not a party to the Arbitration.")). Nor would he have had standing to intervene in the intercompany arbitration proceeding between the insurance carriers involved in the subrogation dispute (*see* McKernan Decl., ¶ 10). Plaintiff is not a member of Arbitration Forums,

5

and under the organization's rules, he would not be a party or witness because the dispute was between State Farm and PURE Insurance (*see id.*).

Nevertheless, Plaintiff now sues Arbitration Forums based on a host of vague, conclusory assertions regarding the performance of its adjudicative role during the arbitration. His threadbare allegations fail to distinguish Arbitration Forums' actions from those of the co-defendants (*see* Doc. 1, Statement of Claim, ¶¶ 12–13), offer any specific allegations beyond a cursory recitation of statutes which Plaintiff claims give rise to subject-matter jurisdiction (*see id.*, ¶¶ 10–11), or both.

## ARGUMENT

### I. Legal Standards.

#### A. Rule 12(b)(1).

Federal courts have only that limited subject-matter jurisdiction which is authorized by Article III of the Constitution and federal law. *See United States v. Assa Co. Ltd.*, 934 F.3d 185, 188 (2d Cir. 2019). Fed. R. Civ. P. 12(b)(1) therefore allows a court to dismiss an action for lack of subject-matter jurisdiction if it "lacks the statutory or constitutional power to adjudicate" the action. *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416–417 (2d Cir. 2015) (internal quotation marks and citation omitted).

To survive a motion to dismiss under this rule, a plaintiff "must allege facts that affirmatively and plausibly suggest that it has standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). Notably, "this showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (internal quotation marks and citation omitted); *see Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) ("[E]ven on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." (internal quotation marks omitted)).

*i.     Statutory power to adjudicate.*

Under 28 U.S.C. § 1331, Congress specifies that the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A plaintiff therefore must plead "a colorable claim 'arising' under the Constitution or laws of the United States" before a district court may exercise federal question subject-matter jurisdiction. *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 362 (2d. Cir. 2000). Merely citing to a federal statute is not enough to implicate federal question jurisdiction if a plaintiff's claim is "wholly insubstantial and frivolous." *Shapiro v. McManus*, 577 U.S. 39, 45 (2015) (internal quotations omitted) (quoting *Bell v. Hood*, 37 U.S. 678, 682–683 (1946)). Put another way, as the Supreme Court explained in *Shapiro*, a purported federal claim does not satisfy the requirements of federal question jurisdiction if it is "'essentially fictious,' 'wholly insubstantial,' 'obviously frivolous,' and 'obviously without merit.'" *Id.* at 45–46 (quoting *Goosby v. Osser*, 409 U.S. 512, 518 (1973)).

Alternatively, a court may be empowered to hear a case through exercise of diversity jurisdiction as set forth in 28 U.S.C. § 1332. This statute requires that plaintiffs and defendants be "citizens of different States" and that the amount in controversy exceed $75,000. It is well settled that "diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships." *Herrick Co. v. SCS Communs., Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (internal citation omitted); *see Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 179 (2d Cir. 2007) ("The presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original jurisdiction over the entire action." (italics and quotation marks omitted)).

*ii.     Case-or-controversy standing under Article III.*

The Supreme Court has also explained that "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article

III" of the Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). This requires that a plaintiff show: (1) an injury in fact that is concrete and particularized; (2) a causal connection between the injury and conduct complained of; and (3) that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* As with any motion to dismiss based on lack of subject-matter jurisdiction, a court assessing these criteria need not accept as true any conclusory allegations in the complaint. *See Oneida Indian Nation v. United States DOI*, 789 Fed. Appx. 271, 274 (2d Cir. 2019).

### B. Rule 12(b)(6).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (to survive a motion to dismiss, a plaintiff's complaint must articulate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

## II. The Court should dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.

### A. Plaintiff does not allege a colorable claim against Arbitration Forums under any of the statutes cited in the complaint.

Plaintiff's conclusory assertions as to a number of statutes—9 U.S.C. § 10 (a); 5 U.S.C. § 572; 18 U.S.C. § 1033; and 15 U.S.C. § 6604—are so "wholly insubstantial and frivolous" that they do not make out a "substantial federal question" implicating

jurisdiction under 28 U.S.C. § 1331. *Shapiro*, 577 U.S. at 45. Nevertheless, these statutes are addressed in turn.

        *i.*     *9 U.S.C. § 10 (a).*

Pursuant to Section 9 (9 U.S.C. § 10 (a)) of the Federal Arbitration Act, a district court may order the vacatur of an arbitration award made in that district "upon the application *of any party to the arbitration*" if the arbitration or resulting award violates certain standards enumerated in that subsection (emphasis added). However, this statute "bestow[s] no federal jurisdiction" and instead first requires "an independent jurisdictional basis" over the parties' dispute. *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). An action brought pursuant to this statute "[s]imply raising federal-law claims in the underlying arbitration is insufficient to supply this independent basis," as jurisdiction only lies "if the ultimate disposition of the matter by the federal court necessarily depends on resolution of a substantial question of federal law." *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 26 (2d Cir. 2000) (internal quotation marks and citation omitted).

The complaint does not explain how or why the subrogation arbitration, arising out of a vehicular accident, involves a "substantial question of federal law." *Id.* Plaintiff's conclusory assertion that Arbitration Forums' decision "included misconduct, procedural irregularities, [and a] failure to consider evidence pertinent and material to the controversy" (Doc. 1, Statement of Claim, ¶ 11) is most generously construed as setting forth the sort of federal common law arguments that the Second Circuit has explicitly held are insufficient to give rise to federal question jurisdiction under the Federal Arbitration Act. *See Bittner v. RBC Capital Mkts.*, 331 Fed. Appx. 869, 870–871 (2d Cir. 2009) ("[M]erely alleging that arbiters erred by failing to apply some kind of federal common law does not raise a substantial federal question where, as here, the allegation is so patently without merit.").

In any event, it is undisputed that Plaintiff was not a party to the arbitration (*see* Doc. 1, Statement of Claim, ¶ 10 ("I was not a party to the Arbitration.")). Nor could Plaintiff have been a party—or even filed an arbitration—pursuant to Arbitration Forums' rules, as "the dispute was between the insurance carriers involved in the arbitration." (McKernan Decl., ¶ 10). As such, the statute does not empower him to seek this Court's vacatur of the award. *See* 9 U.S.C. § 10 (a).

Thus, without any showing of an independent basis for federal question jurisdiction or even an allegation that Plaintiff was a party to the arbitration entitled to seek relief under 9 U.S.C. § 10 (a), Plaintiff's suggestion that the statute gives rise to federal question jurisdiction in this action is "wholly insubstantial and frivolous." *Shapiro*, 577 U.S. at 45.

   ii. *5 U.S.C. § 572.*

Plaintiff asserts that although he was not a party to the arbitration, the award "nonetheless adversely affected and aggrieved him" in violation of 5 U.S.C. § 572, giving this Court jurisdiction over the action (Doc. 1, Statement of Claim, ¶ 10). This allegation is frivolous on its face.

Broadly stated, that statute sets forth the general authority for a federal administrative agency to make use of an alternative "dispute resolution proceeding for the resolution of an issue in controversy that relates to an administrative program." 5 U.S.C. § 572 (a); *see id.* § 571 (1) (defining "agency" under the relevant subchapter). Plaintiff does not, and cannot, allege that Arbitration Forums—or any of the other defendants—is an "agency" as defined in the statute.

Furthermore, Plaintiff's vague assertion that the Court has federal question jurisdiction over the action pursuant to 5 U.S.C. § 572 because he is aggrieved by the award appears to hinge on a misreading of Section 10 (c) of the Federal Arbitration Act. That statute allows a district court to vacate an arbitration award made pursuant to 5 U.S.C. §§ 571 *et seq.* (*i.e.*, an arbitration involving an administrative

10

agency) upon the "application of a person, other than a party to the arbitration, who is adversely affected or aggrieved by the award, if the use of arbitration or the award is clearly inconsistent with the factors set forth" in 5 U.S.C. § 572. 9 U.S.C § 10 (c). Because State Farm, PURE Insurance, and Arbitration Forums are not administrative agencies of the United States, this statute is wholly inapplicable.

In short, plaintiff's alleged aggrievement by an arbitration award from a private entity does not give rise to a substantial federal question, and Plaintiff's suggestion to the contrary is "wholly insubstantial and frivolous." *Shapiro*, 577 U.S. at 45.

      *iii.*    *18 U.S.C. § 1033.*

Plaintiff next alleges that the Court has jurisdiction, pursuant to 18 U.S.C. § 1033, based on his conclusory assertions that various defendants made false statements, with the intent to deceive, regarding "the financial condition" of an unspecified business or businesses (Doc. 1, Statement of Claim, ¶ 12).[1]

The cited statute establishes various criminal offenses relating to fraudulent practices in the business of insurance. *See* 18 U.S.C. § 1033 (a)–(d) (defining offenses). Broadly stated, these offenses pertain to the "business of insurance," which the statute defines as "the writing of insurance" or "the reinsuring of risks" by an "insurer" *Id.* at § 1033 (f) (1). An "insurer" is further defined as "any entity the business activity of which is the writing of insurance or the reinsuring of risks, and includes any person who acts as, or is, an officer, director, agent, or employee of that business." *Id.* at § 1033 (f) (2).

Plaintiff does not plead that Arbitration Forums is an "insurer" or otherwise involved in the "business of insurance." To the contrary, his sole allegations

---

[1] Plaintiff alleges that Arbitration Forums violated this statute on June 5, 2023, though he pleads that an arbitration hearing with Arbitration Forums was not requested until September 9, 2023 (*see* Doc. 1, Statement of Claim, ¶¶ 9, 12). Arbitration Forums did not open an arbitration case for this matter until August 9, 2023 (*see* McKernan Decl., ¶ 8).

pertaining to Arbitration Forums involve the arbitration hearing (*see* Doc. 1, Statement of Claim, ¶¶ 9–12). As set forth in the accompanying Declaration of Timothy McKernan, the Operations Manager and Forum Rules Manager for Arbitration Forums, that entity only arbitrates subrogation disputes among insurance carriers and large self-insured corporations and does not write insurance or reinsure risks (*see* McKernan Decl., ¶¶ 3–4). Thus, 18 U.S.C § 1033 is, on its face, wholly inapplicable to Arbitration Forums and obviously cannot give rise to subject-matter jurisdiction as against Arbitration Forums. *See Shapiro*, 577 U.S. at 45.

   *iv.* *15 U.S.C. § 6604.*

Finally, Plaintiff alleges that the Court has jurisdiction because PURE Insurance "conspired with defendants," citing 15 U.S.C. § 6604 (Doc. 1, Statement of Claim, ¶ 13). 15 U.S.C. § 6604 establishes punitive damages limitations for cases arising under Chapter 92 of Title 15 of the United States Code (15 U.S.C. §§ 6601 *et seq.*). Broadly stated, that chapter pertains to civil actions based on injuries resulting from software or hardware errors in handling the transition from the year 1999 to 2000 (*i.e.*, a "Y2K failure"). *See* 15 U.S.C. § 6602.

Thus, Plaintiff's assertion that subject-matter jurisdiction arises under 15 U.S.C. § 6604 is "obviously frivolous" and insufficient to establish federal question jurisdiction. *Shapiro*, 577 U.S. at 45 (internal quotation marks and citation omitted).[2]

   B. *There is not complete diversity among the parties.*

Though the complaint does not specifically denote that the Court's basis for exercising jurisdiction is diversity of citizenship (*see* Doc. 1, p. 4), Plaintiff includes information pertaining to actions brought on that basis (*see id.*, p. 4–5). Therefore,

---

[2] Plaintiff alleges that Arbitration Forums conspired to violate this statute on June 20, 2023, though he pleads that an arbitration hearing with Arbitration Forums was not requested until September 9, 2023 (*see* Doc. 1, Statement of Claim, ¶¶ 9, 13). Arbitration Forums did not open an arbitration case file for this matter until August 9, 2023 (*see* McKernan Decl., ¶ 8).

12

Arbitration Forums addresses the lack of diversity jurisdiction out of an abundance of caution.

The complaint states that Plaintiff is a citizen of the State of New York but acknowledges that four of the co-defendants—PURE Insurance; Frank and Son Autobody; Complete Claims Services, L.L.C.; and New York State Trooper Brandon D. Smith—are residents of the same State (*see id.*, p. 1–4, 6). This alone deprives the Court of diversity jurisdiction over the action. *See Merrill Lynch & Co. Inc.*, 500 F.3d at 179 (no diversity jurisdiction if any of the defendants reside in the same State as the plaintiff); *Herrick Co.*, 251 F.3d at 322. In any event, Plaintiff also does not allege that the amount in controversy exceeds $75,000, instead stating that the damages sought are "[t]o be determined" (Doc. 1, p. 5), further showing that he cannot establish diversity jurisdiction under 28 U.S.C. § 1332.

> C.  *Plaintiff does not allege a "case or controversy" against Arbitration Forums.*

Similarly, the complaint shows that Plaintiff does not have standing as against Arbitration Forums because of a lack of any cognizable case and controversy.

Plaintiff's vague and conclusory assertion that the award, from an arbitration to which he was not a party, "adversely affected and aggrieved" him (Doc. 1, Statement of Claim, ¶ 10) offers *no* details as to any concrete and particularized injury to himself. *See Lujan*, 504 U.S. at 563 (noting that the "injury in fact" test "requires more than an injury to a cognizable interest," as it "requires that the party seeking review be himself among the injured" (internal quotation marks and citation omitted)). Nor does Plaintiff offer any detailed, non-conclusory assertions as to how any illusory injury he may have sustained has any causal connection with Arbitration Forums' conduct or, for the reasons set forth above, how that injury could likely be redressed by a favorable decision in this action. *See Oneida Indian Nation*, 789 Fed. Appx. at 274 (holding that a court assessing whether a plaintiff has pleaded the

existence of a case or controversy need not accept as true any conclusory allegations in the complaint).

### III. The Court should dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) given the lack of a plausible basis for relief and application of the doctrine of arbitral immunity.

#### A. The Court should not accept as true Plaintiff's only allegations against Arbitration Forums, which are little more than bare legal conclusions.

The complaint's threadbare allegations pertaining to Arbitration Forums fail to state any claim "that is plausible on its face." *Mayor & City Council of Balt.*, 709 F.3d at 135 (quoting *Twombly*, 550 U.S. at 570).

Plaintiff asserts that the arbitration award adversely affected him, and that it "included misconduct, procedural irregularities, [and a] failure to consider evidence pertinent and material to the controversy" (Doc. 1, Statement of Claim, ¶¶ 10–11). However, Plaintiff does not plead *any* details as to the purported misconduct or irregularities, or even identify which evidence the arbitrator supposedly failed to consider (*see id.*). Thus, the complaint does not contain any factual allegations from which the Court should draw reasonable inferences in Plaintiff's favor. *See EEOC*, 768 F.3d at 253.

The pleadings purportedly setting forth the Court's subject-matter jurisdiction, discussed in greater detail in Point II, *supra*, also do not state a claim for relief (*see* Doc. 1, Statement of Claim, ¶¶ 10–13). The vague allegations in these paragraphs contain little more than Plaintiff's recitation of the cited statutes, without any supporting factual allegations, and the Court need not accept them as true. *See Iqbal*, 556 U.S. at 678 (noting that a court need not accept as true any "legal conclusions" in a complaint); *Twombly*, 550 U.S. at 555 (a plaintiff's complaint must articulate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

14

> B. *The Court should dismiss the complaint because the doctrine of arbitral immunity bars any claims against Arbitration Forums.*

The complaint further fails to state a claim insofar as it acknowledges that Arbitration Forums' only involvement in this dispute was in its role as an arbitrator. As such, it is immune from any civil liability resulting from Plaintiff's purported aggrievement with the award.

The Second Circuit has made clear that "arbitrators in contractually agreed upon arbitration proceedings are absolutely immune from liability in damages for all acts within the scope of the arbitral process." *Austern v. Chicago Bd. Options Exchange, Inc.*, 898 F.2d 882, 886 (2d Cir. 1990), *cert denied*, 498 U.S. 850 (1990). The scope of this immunity is "'defined by the functions it protects and serves,'" and includes those actions "performed directly in connection with the [organization's] management of contractually agreed upon arbitration" which are "sufficiently associated with the adjudicative phase of the arbitration to justify immunity." *Id.* (quoting *Forrester v. White*, 484 U.S. 219, 227 (1990)). As a result, claims of procedural "deficiencies" in an arbitration are subject to this immunity. *Austern*, 898 F.2d at 886 (holding that "defective notice and improper selection of the arbitration panel . . . were sufficiently associated with the adjudicative phase of the arbitration to justify immunity").

Here, Plaintiff tacitly acknowledges that Arbitration Forums' only involvement in the dispute giving rise to this action was in its capacity as an arbitrator (*see* Doc. 1, Statement of Claim, ¶¶ 9–13). This is confirmed in the accompanying Declaration of Timothy McKernan, Arbitration Forums' Operations Manager and Forum Rules Manager (*see* McKernan Decl., ¶ 9). He swears that Arbitration Forums provides arbitral services, including with respect to subrogation disputes among insurers, and that the company did not have any involvement with the parties to this action outside its provision of such arbitration services (*see id.*, ¶¶

15

3, 9). As such, the doctrine of arbitral immunity bars Plaintiff's claims against Arbitration Forums, because he merely alleges there were deficiencies in Arbitration Forums' adjudication of the arbitration. *See Austern*, 898 F.2d at 886.

Notably, whether the doctrine of arbitral immunity shields Arbitration Forums from civil liability is not a question of first impression. In *Narula v. Orange County Superior Court* (2020 U.S. Dist. LEXIS 163424 (C.D. Cal. Mar. 2, 2020), the district court granted a motion to dismiss the *pro se* plaintiff's complaint against Arbitration Forums. The court held the plaintiff did not allege that Arbitration Forums or its arbitrator "acted in any manner beyond the scope of their duties," and as such, "it is clear that [Arbitration Forums] is entitled to arbitral immunity." *Id.* at *34 (*adopted by* 2020 U.S. Dist. LEXIS 163473 (C.D. Cal. Apr. 1, 2020), *aff'd* 2022 U.S. App. LEXIS 33797 (9th Cir. Dec. 8, 2022)).

### IV. *The Court should dismiss the complaint for insufficient service of process on Arbitration Forums.*

Finally, the Court should dismiss the complaint because Plaintiff merely served the summons and complaint on Arbitration Forums by sending the same via certified mail to an address in the State of Florida, without previously requesting that it waive service pursuant to Fed. R. Civ. P. 4(d) (*see* McKernan Decl., ¶ 11). Service of a summons and complaint on a corporation by certified mail does not satisfy the requirements of Rule 4 or the New York Civil Practice Law and Rules. *See e.g. Robertson v. Allen*, 2016 U.S. Dist. LEXIS 5080, *19 (N.D.N.Y. Jan. 15, 2016).

### V. *The Court should dismiss Plaintiff's complaint without leave to amend.*

Although district courts are generally cautioned not to dismiss a *pro se* complaint without granting the plaintiff leave to amend (*see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), the Second Circuit has explained that "leave to amend is not necessary when it would be futile" because the plaintiff's submissions do not suggest that the plaintiff could allege any facts giving rise to a colorable claim. *Rudaj*

*v. Treanor*, 522 Fed. Appx. 76, 78 (2d Cir. 2013); *see McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (noting that "[a] district court has discretion to deny leave for good reason, including futility").

Here, permitting Plaintiff to amend the complaint to re-plead the claims against Arbitration Forums would be futile. As previously noted, Plaintiff's only discernable claims against Arbitration Forums are based on purported deficiencies in the performance of its adjudication of the arbitration (*see* Doc. 1, Statement of Claim, ¶¶ 9–13). Moreover, it is undisputed that Arbitration Forums was not involved in the dispute giving rise to this action outside of its role as an arbitrator (*see id.*; McKernan Decl., ¶ 9). Thus, the doctrine of arbitral immunity shields Arbitration Forums from civil liability for its conduct referenced in the complaint. *See Narula,* 2020 U.S. Dist. LEXIS 163424 (C.D. Cal. Mar. 2, 2020) (holding that *pro se* plaintiff's claims against Arbitration Forums arising out of adjudication of arbitration to which plaintiff was not a party are barred by doctrine of arbitral immunity), *adopted by* 2020 U.S. Dist. LEXIS 163473 (C.D. Cal. Apr. 1, 2020), *aff'd* 2022 U.S. App. LEXIS 33797 (9th Cir. Dec. 8, 2022).

## **CONCLUSION**

Based on the foregoing, Arbitration Forums is entitled to an Order Dismissing this action.

Dated:   Albany, New York
         December 8, 2023

**GERBER CIANO KELLY BRADY LLP**

By: /s/ David P. Johnson
David P. Johnson, Esq.
Bar Roll No. 700429
*Attorneys for Defendant*
*Arbitration Forums, Inc.*
Mailing Address:
PO Box 1060
Buffalo, New York 14201
Phone: (518) 901-2143
djohnson@gerberciano.com