UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SALVATORE TANTILLO,

                            Plaintiff

     -against-

NEW YORK STATE TROOPER BRANDON D.
SMITH, COMPLETE CLAIMS SERVICES, LLC,
FRANK AND SONS AUTOBODY, PURE
INSURANCE, SUSAN LYNCH and
ARBITRATION FORUMS, INC.,

                        Defendants.
----------------------------------------------------------------x

Docket No. 23-cv-1447(TJM/ML)

**AFFIRMATION IN SUPPORT**

       JASON M. BERNHEIMER, an attorney duly admitted to practice law in the Courts of the State of New York and the United States District Court of the Northern District of New York, affirms the truth of the following under the penalties of perjury:

       1.    That I am a Member of KEANE & BERNHEIMER, PLLC, attorneys for the defendants, PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE (incorrectly sued herein as "PURE INSURANCE") and SUSAN LYNCH, herein (hereinafter "PURE" and "LYNCH"). As such I am fully familiar with the facts and circumstances of the within action based upon a review of the file maintained by this office.

       2.    That I submit this Affirmation in support of the within motion seeking an Order pursuant to Fed. R. Civ. Pro. 12(b)(1), (5) and (6) dismissing the plaintiff's complaint on the grounds of lack of subject matter jurisdiction, insufficient service of process and failure to state a claim upon which relief can be granted. The motion should be granted in its entirety.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

**I.   THE UNDERLYING FACTS**

3.   This underlying facts forming the basis of this action arise out of a motor vehicle accident on May 27, 2023 in the Sunoco gas station on Old Route 17 in Roscoe, Sullivan County, New York.  According to the police accident report prepared by defendant, NEW YORK STATE TROOPER BRANDON D. SMITH, a pick-up truck operated by the plaintiff and owned by non-party Catherine Stinton, backed up in the Sunoco parking lot, did not observe the vehicle owned and operated by SUSAN LYNCH and struck her stopped vehicle in the front passenger side headlight with the rear of his pick-up truck.  Annexed as Exhibit "A" is the police accident report.

4.   The plaintiff's vehicle was insured with non-party State Farm Mutual Automobile Insurance Company (indicated by code 328) and the LYNCH vehicle was insured with defendant, PURE.

5.   Following the accident, LYNCH presented a first-party claim to PURE for property damage to her vehicle resulting from the accident.  PURE retained defendant, COMPLETE CLAIMS SERVICE, to prepare an estimate of the damages.  The repair estimate was for a total of $14,797.16.  A copy of the estimate is attached as Exhibit "B".

6.   Following the accident, a third-party claim was also presented to State Farm for the property damage to the LYNCH vehicle.  State Farm, however, denied the claim stating that their investigation revealed their insured (the plaintiff) was not legally liable for the accident.  Upon information and belief, to reach this result, TANTILLO necessarily provided information to State Farm that contradicted the police accident report.  Annexed as Exhibit "C" is the State Farm denial letter to LYNCH dated May 30, 2023.

7. Pursuant to New York State compulsory property damage arbitration rules, PURE subrogated the property damage claim to State Farm through Arbitration Forums. Annexed as Exhibit "D" is the Arbitration Forums Case Summary. Only PURE and State Farm as the insurance carriers were parties to the arbitration. See Declaration of Timothy McKernan (ECF #7) for a more detailed explanation of the ARBITRATION FORUMS process.

8. At the arbitration, PURE contended that TANTILLO backed his vehicle into the LYNCH vehicle and was therefore responsible for the damage to her car. State Farm argued an inconsistent position that TANTILLO did not admit to backing his vehicle or making contact with the LYNCH vehicle but also admitted that TANTILLO "[was] indeed reversing" but that either there was no damage or it was not as great as claimed. See Exhibit "D" page 6.

9. The arbitrator found for PURE and awarded the full damages sought of $14,797.16. The Arbitrator discounted or disregarded State Farms contentions, credited the police accident report finding the State Farm vehicle backed into the PURE vehicle, that there was a contributing factor of improper backing for State Farm and no contributing factor for PURE. The Arbitrator specifically found, "[t]he evidence supports State Farm failed to maintain a proper lookout." See Exhibit "D" pages 13-14 of Exhibit, document titled Arbitration Decision, page 1 of 2.

10. In conformity with the Arbitration Decision and the rules of Arbitration Forums, State Farm issued payment to PURE on September 25, 2023 of the full amount awarded. Annexed as Exhibit "E" is a copy of State Farm's payment.

11. As can be seen, the property damage inter-company arbitration proceeded through its normal course with Arbitration Forums. There was no fraud or any other sinister conduct in the way the case was presented in arbitration. In fact, State Farm even included a statement from

TANTILLO in support of its losing argument. The Arbitration Decision makes clear the Arbitrator was not swayed by TANTILLO'S false claims and completely disregarded them.

12. Plaintiff was not a party to the arbitration between PURE and State Farm and has no standing to attempt to set it aside on any grounds. Not that the complaint is even clear as to what relief is sought.

## II.     PLAINTIFF'S ACTION

13. The instant action was commenced with the filing of a Complaint on or about November 17, 2023. (ECF #1). The action names the following parties or entities as defendants: New York State Trooper Brandon D. Smith (the Trooper that responded to the accident scene and prepared the police accident report); Complete Claims Services, LLC (the company that prepared the repair estimate for the Lynch vehicle); Frank and Son Autobody (the repair shop that performed the repairs to the Lynch vehicle); PURE Insurance (the insurance carrier for Lynch); Susan Lynch; and Arbitration Forums.

14. The Complaint alleges subject-matter jurisdiction in this Court on the basis of 9 USC §10(a)(1) and (3); 8 USC §572; 18 USC §1033 (improperly pled as "Section 1033-part 1 Chapter 42(1) a (3) a"); and 15 USC §6604. As will be discussed below and in the accompanying Memorandum of Law, none of these federal statutes confer subject-matter jurisdiction on this Court.

15. The Complaint also alleges subject-matter jurisdiction on the basis of diversity of citizenship. Despite the fact there is no diversity of citizenship, even if there was, the amount in controversy is no greater than the arbitration award of $14,797.16, which is significantly lower than the $75,000 threshold for jurisdiction.

16. A further review of the Complaint reveals that plaintiff sets forth a stream of incorrect and false statements that do not comport with the documentary evidence submitted in support of the instant motion.

17. Significantly in plaintiff's factual recitation, he admits he backed his vehicle, did not see the Lynch vehicle behind him and stopped when he heard a honking horn. He claimed he did not observe any damage to the Lynch vehicle. (ECF #1, Statement of Claim ¶¶ 1 and 2). Despite plaintiff's claim, when Trooper Smtih arrived on scene, he clearly observed damage to the Lynch vehicle as it was noted in his police report in the section titled "Vehicle 2 Damage Codes". In fact, both the point of impact and location of damage on the Lynch vehicle is consistent with every other document submitted in support of this motion.

18. Plaintiff takes issue with the fact that the Arbitration Award was against him, personally. He refuses to acknowledge that he was not a party to the arbitration but that it was inter-company arbitration between two insurance carriers. (ECF #1, Statement of Claim ¶ 10). Plaintiff further claims that this somehow violates 5 USC §572 and confers subject-matter jurisdiction. Notably, however, 5 USC §572 deals with arbitration dealing with government employees and government agencies. Neither situation exists in the case at bar.

19. The only way the Complaint even suggests that plaintiff was somehow aggrieved by the inter-company arbitration is that "[t]he decision has prejudiced Plaintiff Tantillo. 9 U.S.C. Section 10(a) 1,3. That gives plaintiff jurisdiction in this Court." (ECF #1, Statement of Claim ¶11). It is not known what this actually means, how plaintiff was aggrieved or in what way plaintiff seeks relief.

20. Not only does the Complaint fail to set forth a claim cognizable at law but it does not contain any request for relief. Therefore, it is not known what plaintiff wants this Honorable Court to do. Accordingly, the Complaint should be dismissed in its entirety.

### III. Improper Service of Process

21. The Summons and Complaint were not properly served upon Susan Lynch. The documents were mailed by certified mail to her home in Greenwich, Connecticut and received on or about November 29, 2023. This mailing did not include the request for waiver of service of process as required by Fed. R. Civ. Pro 4(d). As such, this mailing does not constitute proper service under either the Federal Rules, New York law or Connecticut law. Therefore, the Complaint should be dismissed for improper service of process.

22. Similarly, PURE was not properly served with process. PURE also received the summons and complaint on or about November 30, 2023 but the mailing did not contain the required request for waiver of service of process. Therefore, it does not constitute proper service under either the Federal Rules or New York law.

WHEREFORE it is respectfully requested that the Court issue an Order granting the instant motion in tis entirety, together with such other and further relief as this Court may deem just and proper.

Dated: Chappaqua, New York
       December 22, 2023

_____
Jason M. Bernheimer (Bar No. 704961)