UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SALVATORE TANTILLO,

                                                        Docket No. 23-cv-1447(TJM/ML)

              Plaintiff

     -against-

NEW YORK STATE TROOPER BRANDON D.
SMITH, COMPLETE CLAIMS SERVICES, LLC,
FRANK AND SONS AUTOBODY, PURE
INSURANCE, SUSAN LYNCH and
ARBITRATION FORUMS, INC.,

              Defendants.
------------------------------------------------------------------x

## DEFENDANTS' PURE INSURANCE AND SUSAN LYNCH'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

                                                      KEANE & BERNHEIMER, PLLC
                                                      JASON M. BERNHEIMER (Bar No. 704961)
                                                      Attorneys for Defendants
                                                      PRIVILEGE UNDERWRITERS RECIPROCAL
                                                      EXCHANGE s/h/a PURE INSURANCE and
                                                      SUSAN LYNCH
                                                      480 Bedford Road – Suite 3201
                                                      Chappaqua, New York 10514-1715
                                                      (914) 345-0005
                                                      File No. 23-031/220353
                                                      jbernheimer@kbnylaw.com

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................... 3

**PRELIMINARY STATEMENT** ............................................................................................ 5

**ARGUMENT** ............................................................................................................................ 5

    I.    **THIS HONORABLE COURT LACKS SUBJECT MATTER JURISDICTION** ........ 5

        A.    Federal Question Jurisdiction ................................................................................ 6

        B.    Diversity of Citizenship Jurisdiction .................................................................... 8

    III.    **PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM** ................................. 10

    IV.    **THE COMPLAINT SHOULD BE DISMISSED FOR IMPROPER SERVICE OF PROCESS** ...................................................................................................................... 11

**CONCLUSION** ...................................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

Atl. Mut. Ins. v. Balfour Maclaine Int'l, Ltd, 968 F.2d 196 (2d Cir. 1992) ................................... 5

Caterpillar, Inc. v. Williams, 482 U.S. 386, 107 S. Ct. 2425, 96 L.Ed.2d 318 (1987).................... 6

Da Silva v. Kinsho Int'l Corp., 229 F.3d 358 (2d Cir. 2000) ........................................................ 6

Harry Hoffman Printing, Inc. v. Graphic Communications, Int'l Union, Local 261, 912 F. 2d 608 (2d Cir. 1990) ............................................................................................................. 7

Livingston v. Adirondack Beverage Co., 141 F.3d 434 (2d Cir. 1998).......................................... 6

Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 119 L. Ed.2d 351 (1992) ........... 10

Malik v. Meissner, 82 F.3d. 560 (2d Cir. 1996) ............................................................................ 5

McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184 (2d Cir. 2007).............................................. 6

Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167 (2d Cir. 2008) aff'd 561 U.S. 247, 130 S. Ct. 2869, 177 L.Ed.2d 535 (2010) ................................................................................................ 5

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S.1, 25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ................................................................................................................. 7

Perpetual Secs., Inc. v. Tang, 290 F.3d. 132 (2d Cir. 2002)........................................................... 6

Rajamin v. Deutsche Bank Nat'l Trust Co., 757 F. 3d 79 (2d Cir. 2014) .................................... 10

Shapiro v. McManus, 577 U.S. 39, 136 S.Ct. 450, 193 L.Ed.2d 279 (2015) ................................. 6

Sharkey v. Quarantillo, 541 F.3d 75 (2d Cir. 2008) ...................................................................... 5

United States v. Am. Soc'y of Composers, Authors & Publishers, 32 F.3d 727 (2d Cir. 1994)..... 6

Warth v. Seldin, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) ....................................... 10

**Statutes**

15 USC §6604.................................................................................................................................. 8

18 USC §1033(a) ............................................................................................................................ 8

28 USC §1331................................................................................................................................. 6

28 USC §1332............................................................................................................................. 8, 9

5 USC §572..................................................................................................................................... 7

9 USC §10................................................................................................................................... 6, 7

Connecticut General Statutes, §52-57........................................................................................... 12

CPLR §308 ............................................................................................................................. 12

CPLR §311 ............................................................................................................................. 12

CPLR §312-a .......................................................................................................................... 12

Fed. R. Civ. Pro. 4(d). .............................................................................................................11

Fed. R. Civ. Pro. 4(e) .............................................................................................................11

Fed. R. Civ. Pro. 4(e)(1) ........................................................................................................ 12

**PRELIMINARY STATEMENT**

Defendants, Privilege Underwriters Reciprocal Exchange s/h/a PURE Insurance and SUSAN LYNCH respectfully submit this Memorandum of Law in support of the instant motion for an Order pursuant to Fed. R. Civ. Pro. 12(b)(1), (5) and (6) dismissing the plaintiff's complaint on the grounds of lack of subject matter jurisdiction, insufficient service of process and failure to state a claim upon which relief can be granted.

The Court is respectfully referred to the Affirmation of Jason M. Bernheimer, Esq. and all the Exhibits annexed thereto, the Affidavit of Susan Lynch and the Affidavit of Nitash Bansal for a full recitation of the relevant facts in support of the instant motion. The motion should be granted in its entirety.

**ARGUMENT**

**I.  THIS HONORABLE COURT LACKS SUBJECT MATTER JURISDICTION**

Whether a federal court has subject matter jurisdiction is a threshold inquiry and an action should be dismissed for lack of subject matter jurisdiction when it does not have the constitutional authority to adjudicate it. Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167 (2d Cir. 2008) aff'd 561 U.S. 247, 130 S. Ct. 2869, 177 L.Ed.2d 535 (2010). It is the plaintiff's burden to establish the existence of such subject matter jurisdiction. Sharkey v. Quarantillo, 541 F.3d 75 (2d Cir. 2008).

When considering a motion to dismiss for lack of subject matter jurisdiction, "the Court must accept as true all material factual allegations in the complaint, but should refrain from drawing any inferences in favor of the party asserting jurisdiction." Atl. Mut. Ins. v. Balfour Maclaine Int'l, Ltd, 968 F.2d 196, 198 (2d Cir. 1992). It is the plaintiff's burden by a preponderance of the evidence to establish that subject-matter jurisdiction exists. Id.; Malik v. Meissner, 82 F.3d. 560 (2d Cir. 1996).

Although leave to amend pleadings shall be freely given when justice requires, "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). An action is deemed frivolous as a matter of law when it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

Since plaintiff's complaint squarely fits the definition of a frivolous pleading, the court should dismiss the complaint for lack of subject matter jurisdiction with prejudice.

A. Federal Question Jurisdiction

In order to invoke federal question jurisdiction, plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States". 28 USC §1331. In addition, federal question jurisdiction only exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L.Ed.2d 318 (1987). There must be a colorable claim that actually arises out of the Constitution or federal law in order to support federal question subject matter jurisdiction. Da Silva v. Kinsho Int'l Corp., 229 F.3d 358 (2d Cir. 2000). Simply citing a federal statute is not enough to create subject matter jurisdiction. Shapiro v. McManus, 577 U.S. 39, 136 S.Ct. 450, 193 L.Ed.2d 279 (2015).

The first federal law under which plaintiff claims federal question jurisdiction is 9 USC §10, which is the portion of the Federal Arbitration Act permitting the district court to confirm or vacate arbitration awards. However, this section does not confer subject matter jurisdiction in the district courts as a federal question. Perpetual Secs., Inc. v. Tang, 290 F.3d. 132 (2d Cir. 2002); citing United States v. Am. Soc'y of Composers, Authors & Publishers, 32 F.3d 727 (2d Cir. 1994)

and Harry Hoffman Printing, Inc. v. Graphic Communications, Int'l Union, Local 261, 912 F. 2d 608 (2d Cir. 1990).

The Supreme Court noted, "[t]he Arbitration Act is something of an anomaly in the field of federal-court jurisdiction.  It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S.1, 25 n.32, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).  An independent basis for jurisdiction must be present in order for the district court to hear any petitions arising under the Act.  Harry Hoffman Printing at 611.

In the case at bar, plaintiff claims federal question subject matter jurisdiction based on 9 USC §10(a) (1) and (3).  The subsections of the statute simply give the grounds for which vacating the arbitration award is based on: corruption fraud or undue means; or the arbitrator was guilty of misconduct.  Not only are these claimed grounds for vacating the arbitration award frivolous and without any basis in law or fact, but as the above-cited cases establish without question, this statute does not confer subject matter jurisdiction.

The same is true for plaintiff's claim of federal question jurisdiction under 5 USC §572.  This statute states that a "[federal] agency may use a dispute resolution proceeding for the resolution of an issue in controversy that relates to an administrative program, if the parties agree to such proceeding."  5 USC §572(a).  Title 5 of the US Code in general deals with federal government organization and federal employees.  Neither PURE nor State Farm are government agencies.  They are both private insurance companies.  This statute that is alleged to confer federal question jurisdiction is wholly inapplicable and a frivolous attempt to confer jurisdiction on this

Court. On this basis alone, it is not necessary for the Court to engage in any further analysis of federal question jurisdiction based on this statute.

Plaintiff's attempt to use 18 USC §1033(a) as a basis for federal question jurisdiction is likewise woefully misplaced. 18 USC §1033(a) deals with insurance companies that provide false statements or reports to any insurance regulatory official or agency and subjects them to a fine or imprisonment. Once again, there is not a single allegation contained in plaintiff's complaint to suggest that PURE engaged in such conduct when it submitted a claim for inter-company property damage arbitration. Nor is there a single allegation in the complaint to suggest that Arbitration Forums, a private company, was any type of insurance regulatory official or agency that would trigger application of this statute. Once again, on this basis alone, the Court need not further analyze the issue of federal question jurisdiction.

Finally, plaintiff's reliance on 15 USC §6604 to establish federal question jurisdiction is vexing. This statute deals with awarding punitive damages in Y2K cases. On its face, reliance on this statute is patently frivolous. There is nothing arising out of this motor vehicle accident in 2023 or the property damage arbitration that ensued that in any way relates to Y2K digital and technical events twenty three years ago.

Accordingly, plaintiff's complaint should be dismissed with prejudice for lack of federal question subject matter jurisdiction.

B.      Diversity of Citizenship Jurisdiction

The district court's diversity of citizenship jurisdiction is set forth in 28 USC §1332. It states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different states . . . ." 28 USC §1332(a)(1).

The first line of the statute alone requires dismissal of the complaint for lack of subject matter jurisdiction. Notwithstanding the inartful drafting of plaintiff's complaint, what can be gleaned from it is that the amount in controversy is the amount of the arbitration award or $14,797.16. Obviously, the amount in controversy is significantly lower than the $75,000 threshold for diversity jurisdiction. The Court need look no further and should dismiss the complaint.

Should the Court look to the citizenship aspect of jurisdiction, complete diversity of citizenship between the parties is absent. Plaintiff is a citizen of the State of New York. While it is alleged that Lynch is a resident of Connecticut and Arbitration Forums is a resident of Florida, all other defendants are residents of New York, including PURE. (ECF #1 Section "B2 The Defendants")

28 USC §1332 (c)(1) provides that since this is a direct action against PURE concerning its liability insurance policy and its insured is a party to the action, it is a citizen of the state of residence of its insured (Lynch is a Connecticut resident); every state where it is incorporated (Florida); and every state where it has its principal place of business (New York). Thus, PURE is a citizen of Connecticut, Florida and New York for purposes of diversity jurisdiction. See Exhibit "F".

Therefore, not only is the amount in controversy well below the jurisdictional requirement but complete diversity of citizenship does not exist in this action. Accordingly, the Court does not have subject matter jurisdiction and the complaint must be dismissed in its entirety with prejudice.

### III. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM

The complaint's vague allegations fail to set forth any claim or cause of action upon which any relief can be granted as against PURE or Lynch. Concomitant with stating a claim is the necessity to have standing to assert the claim. The burden to establish standing is on the plaintiff and "involves both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise." Rajamin v. Deutsche Bank Nat'l Trust Co., 757 F. 3d 79, 84 (2d Cir. 2014).

Constitutional standing has a minimum requirement that "plaintiff must have suffered an injury in fact . . . which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." Id. at 85 quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L. Ed.2d 351 (1992). Prudential standing "bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves. [internal citations omitted] The plaintiff generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties." Rajaman, 757 F.3d at 86 quoting Warth v. Seldin, 422 U.S. 490, 499, 509, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

In the case at bar, the plaintiff's complaint does not set forth a claim with either constitutional standing or prudential standing. The complaint does not set forth how plaintiff believes he suffered an injury in fact either concrete and particularized or actual and imminent. Instead, he merely states he was "adversely affected and aggrieved". (ECF #1, Statement of Claim ¶10). This is the one line in the complaint that could even be remotely construed to include a claim of injury. However, it fails to state what that injury is. Thus, plaintiff does not have constitutional standing to bring this lawsuit.

The same is true for prudential standing. With this requirement, plaintiff's complaint actually establishes the frivolity of this lawsuit. In paragraph 10 of his Statement of Claim plaintiff

states, "I was not a party to the Arbitration. The Arbitration award nonetheless adversely affected and aggrieved the plaintiff . . . ." (ECF #1, Statement of Claim ¶10). This one sentence in the complaint makes clear as day the fact that plaintiff is attempting to claim relief on the legal rights of third parties (presumably State Farm). Notably, State Farm was not aggrieved by the arbitration award since it promptly made full payment and did not seek to have the award set aside.

As noted, paragraph 10 of plaintiff's Statement of Claim establishes how frivolous this lawsuit is with its plain language eliminating all bases for standing and stating a claim. Accordingly, due to the frivolous nature of this lawsuit, the complaint should be dismissed with prejudice and plaintiff should not be granted leave to amend the complaint.

### IV. THE COMPLAINT SHOULD BE DISMISSED FOR IMPROPER SERVICE OF PROCESS

Neither PURE nor Lynch were properly served with process. Both simply received the summons and complaint by certified mail without a request for waiver of service of process as set forth in Fed. R. Civ. Pro. 4(d). This rule provides a very specific procedure to follow in order for the certified mailing to be effective as service of process. Since plaintiff failed to provide the specified request for waiver of service of process, the attempted service was ineffective.

Putting aside the failure to provide a request for waiver of service of process, the certified mailing does not constitute proper service of process under Fed. R. Civ. Pro. 4(e). This provides the methods of service permissible within a judicial district of the Unite States. In following this method, the summons and complaint can either be personally delivered to the defendant, leaving a copy of the summons and complaint with someone of suitable age and discretion at their usual place of abode or by leaving a copy with an authorized agent to accept service of process. Plaintiff failed to use any of the methods set forth in Rule 4(e)(2).

The same is true for any claim that service was effectuated under state law in New York or Connecticut pursuant to Fed. R. Civ. Pro. 4(e)(1).  The rules for service of process in New York are found in CPLR §308 (an individual) and §311 (corporations).  These two sections for the most part mirror the Federal Rules of Civil Procedure.  However, since plaintiff only sent the documents by certified mail, CPLR§312-a is the only applicable section.  This provides for personal service by mail but as with Rule 4(d) requires service of a Statement of Service by Mail and Acknowledgement of Receipt of Service.  CPLR §312-a(a).  Neither of these documents were served by plaintiff and therefore, service by certified mail does not comply with New York State law.

As for service upon Susan Lynch, Connecticut's rules on service of process are even more limited than New York or Federal rules.  Connecticut provides for service by personal delivery to the defendant or by leaving it at their usual place of abode.  Connecticut only allows for service by mail in child support matters.  See Connecticut General Statutes, §52-57(a) and (f).

Therefore, service of process was not properly effectuated on PURE or Lynch and the complaint should be dismissed in its entirety.

**CONCLUSION**

For all the foregoing reasons, this Honorable Court should issue an Order pursuant to Fed. R. Civ. Pro. 12(b)(1), (5) and (6) dismissing the plaintiff's complaint on the grounds of lack of subject-matter jurisdiction, insufficient service of process and failure to state a claim upon which relief can be granted, together with such other and further relief as this Court may deem just and proper.

Dated: Chappaqua, New York
December 22, 2023

*Respectfully submitted,*

KEANE & BERNHEIMER, PLLC

By: _____
JASON M. BERNHEIMER (Bar No. 704961)
Attorneys for Defendants
PRIVILEGE UNDERWRITERS RECIPROCAL
EXCHANGE s/h/a PURE INSURANCE and
SUSAN LYNCH
480 Bedford Road – Suite 3201
Chappaqua, New York 10514-1715
(914) 345-0005
File No. 23-031/220353
jbernheimer@kbnylaw.com